# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30540

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2014

Lyle W. Cayce
Clerk

BERNARDETTE GUIDRY,

Plaintiff-Appellant,

v.

GULF COAST TEACHING FAMILY SERVICES, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1537

Before STEWART, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant sued her employer, Defendant-Appellee, alleging various state and federal law claims including defamation, race discrimination, retaliation and tort. The magistrate judge granted summary judgment in favor of Defendant-Appellee. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30540

## I.

Gulf Coast Teaching Services, Inc. ("Gulf Coast") is a 501(c)(3) non-profit social service agency that provides services to those in need in the community, including the developmentally disabled, children at risk, and the elderly. Gulf Coast employed Bernardette Guidry in its Houma region as an Assistant or Acting Program Director. The Regional Director over the Houma Region was Willie Green.

In 2010, Guidry took time off in February and went on leave under the Family Medical Leave Act ("FMLA") in March. Guidry returned to work in late March. Several months later, in early July, two employees working under Guidry's supervision alleged that Guidry failed to pay them although they had submitted time sheets with their hours worked recorded. Green interviewed Guidry about the allegations and Guidry admitted that she had failed to pay the employees. A written reprimand was issued to Guidry. A few days later, several more employees came forward and complained that Guidry failed to pay them for all of the hours they had worked and, further, that she had required some employees to alter their time sheets to indicate that they had worked fewer hours than they actually worked. Guidry had not informed Green of these further incidents, although she was asked. As a result, Gulf Coast placed Guidry on administrative suspension. Then on July 19, 2010, Guidry was notified that Gulf Coast was terminating her employment in light of her misconduct.

## II.

Guidry filed a complaint in state court alleging wrongful discharge and various other state law claims, and Gulf Coast removed the matter to federal court based on federal question jurisdiction. Guidry amended her complaint to add claims based on the FMLA, 29 U.S.C. § 2615, and Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 2000e-2. The parties consented to

2

No. 13-30540

proceed before the magistrate judge ("MJ").  Gulf Coast moved for partial dismissal and the MJ granted the motion in part, dismissing Guidry's Louisiana Civil Code article 2315 defamation claim, her Louisiana retaliation claim, and her Title VII retaliation claim.  Guidry filed a second amended complaint and Gulf Coast answered and moved for partial summary judgment. The MJ granted the motion and dismissed Guidry's remaining state law claims.  Gulf Coast moved for summary judgment on the remaining federal law claims.  Over Guidry's opposition, the MJ granted summary judgment in favor of Gulf Coast, dismissing Guidry's remaining claims of retaliation under the FMLA and race discrimination under Title VII.

Guidry appeals *pro se* herein.  On appeal Guidry re-advances her various state and federal law claims, including but not limited to, state law defamation, discrimination, and whistleblower, Title VII retaliation and race discrimination, and FMLA interference.

### III.

We review grants of summary judgment de novo.  *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014) (citation omitted).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable statutory, state and federal case law, and the MJ's judgment and reasoning, we AFFIRM the MJ's summary judgment in favor of Defendant-Appellee and adopt its analysis in full.